RAFAEL SAN MILLÁN, Plaintiff and Appellant, *v.* JOSÉ GARCÍA-ABREU, Defendant and Appellee.

No. 3414. Argued February 6, 1925.—Decided June 4, 1925.

MUNICIPALITIES—OFFICERS.—A *de jure* officer who has been excluded wrongfully from his office may recover from the *de facto* officer the salary paid to him during the period of such wrongful exclusion.

District Court of Arecibo, Enrique Lloreda, J.   Judgment for the
    defendant in an action of debt.   *Reversed.*
*Rafael Rivera Zayas* for the appellant.  *R. Agrait Aldea* for the
    appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Upon the theory of a failure to state a cause of action
the district court sustained a demurrer and dismissed a
complaint for reasons stated as follows:

"The plaintiff, in synthesis, alleges that he was appointed
Municipal Commissioner of Public Service, Police and Prisons by
the Municipal Assembly, which subsequently declared his appoint-
ment void and the office vacant; that said assembly then appointed
the defendant, who held the position for two months and ten days,
at the end of which time he vacated the same under an order of the
Supreme Court of Porto Rico in a *certiorari* proceeding brought
by the plaintiff San Millán against the Municipal Assembly of
Arecibo. The plaintiff further alleges that during the time the
defendant discharged the duties of the said office he received the
regular stipend as Commissioner of Public Service without any
right whatsoever thereto; that the said compensation amounted to
$588.71, which he alleges the defendant owes but has not paid to
him notwithstanding that he has made repeated demands therefor.
He concludes by praying that the defendant be directed to pay
$588.71 together with lawful interest, costs, disbursements and
attorney fees.

"Every judicial action should comprise the three elements that
go to make up the same, namely, a right vested in the plaintiff, a
violation of such right and a remedy for such alleged injury, the
facts relating to such elements being the ones that determine the
cause of action brought.

"After examining the complaint I am of the opinion that the
same does not state any fact that determines or establishes any
juridical link or connection between the defendant and plaintiff
whereby the defendant has incurred an obligation to the plaintiff
and failed to comply therewith.

"It is true that the facts set out in the complaint have a direct
connection with the acts of the Municipal Assembly of Arecibo,
first, in appointing the plaintiff San Millán as Commissioner of
Public Service and, second, in vacating his appointment and
naming the defendant José García Abreu to fill the vacancy, the

latter entering upon the discharge of his duties by virtue of his election and appointment by the Municipal Council, not by violence, usurpation or force but because the mistake of law on the part of the Municipal Council in its unlawful proceedings or resolutions may virtually affect the defendant by making him liable in a sum which does not spring from any legal tie existing between plaintiff and defendant, but consists of the salary that he received as a *de facto* officer. (See 22 R.C.L. 588, 589.)

"In the case of *Belaval* v. *Todd,* 24 P.R.R. 765, Judge Wolf, in disposing of a motion for a reconsideration of the judgment, said:

" 'While it was largely a moot-court question in this case, we are inclined to think that the court below was right in holding that salary, as such, could not be recovered by specific command, where it was already paid to *de facto* officers. . . . Damages, we agree, was a matter to which the appellant might have been entitled, but he obtained none in his judgment.'

"It has been frequently held that the payment made to a *de facto* officer is a good defense in an action subsequently brought by a *de jure* officer to recover the salary he failed to receive. 22 R.C.L. 599."

At pages 588 and 589 of Vol. 22 of R.C.L. we find only a definition of the term "de facto officer," a statement of the reason for the *de facto* doctrine, and a distinction drawn between *de facto* and *de jure* officers. The case of *Belaval* v. *Todd,* 24 P.R.R. 765, and section 321, at page 599, of 22 R.C.L. might have some bearing upon the liability of the municipality, had it been made a party defendant herein, but do not seem to sustain the conclusion reached below.

A cross reference in the foot notes to the paragraph last above mentioned, however, serves to identify another paragraph from which appellant quotes in his brief without citation of volume or page. It is section 245, at page 545, of the volume and work already referred to, and reads in part as follows:

"At common law a de jure officer who has been wrongfully excluded from his office may sue the de facto officer for the salary paid to him during such period of wrongful exclusion of the rightful officer. It matters not that the rival of the rightful officer was

put in possession by a judgment of a court having jurisdiction of the matter. Even where the right of the de jure officer to recover the emoluments from the state or municipality is denied, if they have been paid to the officer de facto the right of the de jure officer to recover them in the appropriate action is recognized. The underlying principle is that. the de facto officer before entering on the discharge of the duties of the office and receiving its emoluments is bound to know whether he has title.''

See also 29 Cyc. 1430; 12 Ann. Cas. 894, note, and 2 McQuillin on Municipal Corporations, 1125, cited by appellant.

It may be and probably is true that defendant, if not a party to the certiorari proceeding, is not bound thereby. Perhaps the previous pronouncement of this court as to the nullity of the action taken by the municipal assembly is at most *prima facie* evidence of such nullity, or no evidence at all thereof, in so far as the respective rights of the parties herein are concerned. Possibly it would have been better pleading for plaintiff to have averred facts showing that such action was *ultra vires,* independently of the result in the certiorari proceeding. But it does not follow that the complaint wholly fails to state a cause of action, however defective in form, or otherwise open to attack on other grounds, it may be,—as to which we express no opinion.

We think it is reasonably clear from the pleading as it stands, admitting the facts alleged to be true, and regardless of the manner in which they are stated, that the plaintiff was the *de jure* officer during the time that defendant occupied the office and received the salary as the *de facto* incumbent. And, unless some subtle distinction to which our attention has not been directed is to be drawn between the common law action of assumpsit, in the form of a count for money had and received, and the civil law action arising out of ''collection of what is not due,'' and, even in such event, unless the common law action or its equivalent does not otherwise exist in this jurisdiction today, and the brief for

appellee contains no intimation of this kind,—then the facts last above mentioned suffice to constitute a cause of action.

The judgment appealed from must be reversed.